# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 20-SC-3275 |
| **THE MONITORING OF GLOBAL POSITIONING SYSTEM INFORMATION AND CELL SITE LOCATION DATA FOR ONE T-MOBILE CELL PHONE AND SEARCH OF INFORMATION ASSOCIATED WITH THE SAME NUMBER IN VIOLATION OF 18 U.S.C 922(g)(1) AND 18 U.S.C. § 1073** | ) ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A-1 & A-2

located in the _____ District of _____ New Jersey _____, there is now concealed *(identify the person or describe the property to be seized):*

SEE ATTACHMENT B-1 & B-2

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922 (g)1 | - Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |
| 18 U.S.C. § 1073 | - Unlawful flight to avoid prosecution |

The application is based on these facts:

SEE AFFIDAVIT

☐ Continued on the attached sheet.

☑ Delayed notice of 30 days *(give exact ending date if more than 30 days:* ___06/21/2021___ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Deputy United States Marshal Gregory Connor, USMS
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____Telephone_____ *(specify reliable electronic means).*

Date:   ___12/23/2020___

_____
*Judge's signature*

City and state:  Washington, D.C.

Zia M. Faruqi, United States Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>**THE MONITORING OF GLOBAL POSITIONING SYSTEM INFORMATION AND<br>CELL SITE LOCATION DATA FOR ONE T-MOBILE CELL PHONE AND SEARCH OF<br>INFORMATION ASSOCIATED WITH THE SAME NUMBER IN VIOLATION OF 18<br>U.S.C 922(g)(1) AND 18 U.S.C. § 1073** | )<br>)<br>)<br>)<br>)<br>)<br>)          Case No.  20-SC-3275 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Jersey _____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A-1 & A-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B-1 & B-2

**YOU ARE COMMANDED** to execute this warrant on or before _____ January 4, 2021 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Zia M. Faruqui _____ .
                                                                                             *(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☑ until, the facts justifying, the later specific date of _____ 06/21/2021 _____ .

Date and time issued:  12/23/2020 _____          _____
                                                                                                         *Judge's signature*

City and state:      Washington, D.C. _____          Zia M. Faruqui, United States Magistrate Judge
                                                                                             *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 20-SC-3275 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br><br>Date: _____<br><br>                                                *Executing officer's signature*<br><br>                                                *Printed name and title* |

AO 95
(Rev. 09/12)

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

**DELAYED-NOTICE SEARCH WARRANT REPORT**

The information on this form should be submitted each time judicial action is taken on an application for a delayed-notice search warrant or for an extension of a delayed-notice period.  See 18 U.S.C. § 3103a(d)(1).
NOTE:   If an extension to the notice period is requested, information will need to be submitted for each extension.

**Please enter the information on this form into the InfoWeb Delayed-Notice Search Warrant Reporting System on the J-Net or into CM/ECF version 6.0 or later, if available.**

For more information, see the Delayed-Notice Search Warrant page on the J-Net.

1. **Name of Judge:**     Zia M. Faruqui, United States Magistrate Judge          ( ☐ check if state court judge)

2. **Federal Judicial District:**     District of Columbia

3. **Date of Application for Delayed Notice:**     12/23/2020

4. **Offense (Most Serious) Specified:**
   ☐ Drugs          ☐ Fraud          ☐ Weapons          ☐ Immigration          ☐ Terrorism
   ☐ Sex Offenses          ☐ Theft          ☐ Kidnapping          ☐ Tax
   ☐ Extortion/Racketeering          ☑ Fugitive/Escape/Supervised Release Violation
   ☐ Other *(specify)*:

5. **Type of Application:**     ☑ Initial request for delay
   ☐ Extension of previously authorized delay
   *(Number of extensions previously granted:* _____ *)* Granted

6. **Judicial Action Taken:**     ☐ Denied          ☐ Granted          ☐ as modified

7. **Case Number (e.g., 'mc' Number) of Warrant:**     _____ : 20 ― sc ― 3275
   _office_     _year_     _type_     _number_

8. **Period of Delay Authorized in This Action (days):**     30

9. **Preparer's Name:**  John Dominguez          **Title:**  Assistant United States Attorney
   **Phone number:**  (202) 809-8686          **Date of report:** 12/23/2020

**ATTACHMENT A-1**
**Property to Be Searched**

1.      This warrant applies to records and information associated with the cellular device assigned to call number (334) 413-0081 ("TARGET PHONE NUMBER"), with an unknown owner, whose service provider is T-Mobile ("PROVIDER"), a wireless communications service provider that is located at 4 Sylvan Way Parsippany, NJ 07054.

2.      Information about the location of the TARGET PHONE NUMBER that is within the possession, custody, or control of PROVIDER, including information about the location of the cellular telephone if it is subsequently assigned a different number.

## **ATTACHMENT A-2**

1.      The subject of this investigation is Shawn GRAY

## **ATTACHMENT B-1**

### **I.      Information to Be Disclosed by Provider**

All information about the location of the TARGET PHONE NUMBER described in Attachment A-1 for a period of 30 days, during all times day or night. "Information about the location of the target telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A-1. It further includes:

- Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

- Source and destination telephone numbers;

- Date, time, and duration of communication; and

- All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the TARGET PHONE will connect at the beginning and end of each communication, as well as per-call measurements data (also known as PCMD, RTT, NELOSE, TrueCall or similar).

It also includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C § 3123 by the service provider and the Federal Bureau pf Investigation. The pen register / trap and trace device shall be transferable to any change dialed number subsequently assigned to a device bearing the same ESN, IMSI or SIM as the target cell phone; any changed ESN, IMSI or SIM subsequently assigned the same dialed number as the target cell phone; or any additional changed dialed number, ESN, IMSI or SIM listed to the same

subscriber account as the target cell phone.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of PROVIDER, PROVIDER is required to disclose the Location Information to the government. In addition, PROVIDER must furnish the government all information, facility, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with PROVIDER's services, including by initiating a signal to determine the location of the target telephone on PROVIDER's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government. The government shall compensate PROVIDER for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section I. That information that is within the scope of Section I may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section I and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.

**ATTACHMENT B-2**

**Particular Things to be Seized**

I.      **Government procedures for warrant execution**

To the extent that the information described in Attachment A-1 is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose to the government the following information pertaining to the Account/TARGET PHONE NUMBER listed in Attachment A-1:

    a.   The following information about the customers or subscribers associated with the TARGET PHONE NUMBER/Account for the time period of 10/08/2020 to the present.

        i.   Names (including subscriber names, user names, and screen names);

        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.   Length of service (including start date) and types of service utilized;

        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

1

    vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii.  Means and source of payment for such service (including any credit card or bank account number) and billing records, and

    ix.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET PHONE NUMBER/Account, including:

        A.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

        B.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

        C.  all available per-call measurement data reports, to include LTE, IP session and Data. all available Mobile Data Session and IPv6 reports and any other location information, including "distance to tower" information or Timing Advance Information or T-Mobile's TrueCall report.

## II.    **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of GRAY's flight to avoid apprehension on an arrest warrant in violation of 18 U.S.C. 1703, charging violations of 18 U.S.C § 922(g)(1) during the period from 10/08/2020 to the present.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF :**<br><br>**THE MONITORING OF GLOBAL POSITIONING SYSTEM INFORMATION AND CELL SITE LOCATION DATA FOR ONE T-MOBILE CELL PHONE AND SEARCH OF INFORMATION ASSOCIATED WITH THE SAME NUMBER IN VIOLATION OF 18 U.S.C 922(g)(1) AND 18 U.S.C. § 1073** | **Case No. 20-sc-3275**<br><br><u>**UNDER SEAL**</u> |

*Reference:      USAO Ref. # 2020R02604 Subject Account(s): (334) 413-0081*

**AFFIDAVIT IN SUPPORT OF**
<u>**AN APPLICATION FOR A SEARCH WARRANT**</u>

I, Gregory Conner, being first duly sworn, hereby depose and state as follows:

<u>**INTRODUCTION AND AGENT BACKGROUND**</u>

1.       I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41, 18 U.S.C. §§ 2703(a), and 2703(c)(1)(A), and former Chief Judge Hogan's Memorandum Opinion in In the Matter of the Application of the United States for an Order Authorizing the Monitoring of Geolocation and Cell Site Data for a Sprint Spectrum Cell Phone Number ESN, 2006 WL 6217584 at *4 (D.D.C. 2006) (Hogan, C.J.) ("Hogan Opinion"), for information about 1) the prospective location of the cellular telephone assigned call number (334) 413-0081, (hereinafter referred to as the "TARGET PHONE NUMBER"), as detailed in Attachment B-1; and 2) historic location data for the TARGET PHONE NUMBER, as detailed in Attachment B-2[1], whose service provider is T-Mobile ("PROVIDER"), a wireless telephone

---

[1] Upon receipt of the information described in Section I of Attachment B-2, government-authorized persons will review the information to locate items described in Section II of Attachment B-2.

service provider headquartered at 4 Sylvan Way Parsippany, NJ 07054. As a provider of wireless communications service, PROVIDER is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15).

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1). A certification by **John Dominguez**, an attorney for the government, that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the United States Marshals Service is included on the signature page of this affidavit.

3.      I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. Your affiant is a Deputy United States Marshal with the United States Marshals Service and, as such, is charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a law enforcement officer in the District of Columbia for approximately 15 years. I have been a Deputy United States Marshal for approximately 10 years. I am currently detailed from the United States Marshals Service Fugitive Investigations Section to the Federal Bureau of Investigation District of Columbia Violent Crimes Task Force as a Task Force Officer. Through my employment with the United States Marshals Service, I have gained knowledge in the use of various investigative

techniques including the utilization of physical surveillance, confidential informants, investigative interviews, analyzing telephone and social media pen register data, and the execution of arrest warrants. I have also handled numerous District of Columbia Superior Court search warrants involving cell site information, like the one in this affidavit.

4.      I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein. Because this affidavit is being submitted for the limited purpose of enabling this Court to make a judicial determination of probable cause to issue a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the legal basis for the issuance of a search warrant.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that GRAY is a fugitive from justice which is a violation of 18 U.S.C. § 1073, even though he is not charged with that offense  Additionally, GRAY has violated 18 U.S.C. § 922(g)(1) – Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by More Than One Year Imprisonment – and was indicted by a grand jury of this offense on September 17, 2020and is the subject of an arrest warrant issued on the same date. There is cause to believe that GRAY is indeed aware of these charges and is actively evading arrest There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting GRAY, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.      This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Washington., D.C. *See* 18 U.S.C. § 3237. The offenses under investigation involve GRAY, who is a fugitive from justice. Specifically, GRAY is a fugitive in case 1:20-CR-00191(CKK) following a United States District Court for the District of Columbia Grand Jury action which indicted GRAY on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). In addition, on October 6, 2020, a Probation Violation Arrest Warrant was issued for GRAY in case 1:13-CR-00110 by the United States District Court for the District of Columbia following a conviction for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. 922 (g) and Assault with a Deadly Weapon, in violation of Title 22 District of Columbia Code Section 402. A third arrest warrant is also pending for the District of Columbia Superior Court Case 2020-CF2-006859, (underlying charge of Carrying a Pistol Without a License in violation of 22 District of Columbia Code Section 4504(a)).

## **PROBABLE CAUSE**

7.      On September 17, 2020, an Arrest Warrant was issued in case 1:20-CR-00191(CKK) following a United States District Court for the District of Columbia Grand Jury action which indicted GRAY on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,

in violation of 18 U.S.C. §922(g)(1). The indictment was based on evidence that officers of the Metropolitan Police Department recovered a loaded firearm with a high capacity magazine from GRAY's person on September 4, 2020 in the District of Columbia. In addition, on October 6, 2020, a Probation Violation Arrest Warrant was issued for GRAY in case 1:13-CR-00110 by the United States District Court for the District of Columbia. GRAY is on Probation in case 1:13-CR-00110 following a conviction for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation 18 U.S.C. § 922(g)(1) and Assault with a Deadly Weapon, in violation of Title 22 District of Columbia Code Section 402. The underlying facts in case 1:13-CR-00110 show GRAY possessed a firearm and fired shots at a vehicle driven by Metropolitan Police Department Officers.

8.      Your Affiant has been assisting the Federal Bureau of Investigation District of Columbia Violent Crimes Task Force ("DCVCTF") attempting to locate and arrest GRAY since September 17, 2020.

9.      Since that date, Your Affiant has exhausted more traditional investigative techniques and measures to locate GRAY.

10.     For example, on September 28, 2020, DCVCTF Members spoke with GRAY's United States Probation Officer Pasquinucci SLADE. SLADE stated she frequently had contact with GRAY on phone numbers (240) 860-5890 and (404) 993-8693 during GRAY's term of probation. SLADE last had phone contact with GRAY on September 24, 2020, via phone number (240) 860-5890. During the phone contact on September 24, 2020, SLADE scheduled a home visit with GRAY at 4738 South Capitol Terrace SW, Unit B, Washington, D.C.

11.     On September 29, 2020, SLADE contacted DCVCTF Members and stated she would not be able to make the home visit appointment on that day, but did not inform GRAY of this. That same day, DCVCTF Members attempted to locate GRAY at 4738 South Capitol Terrace SW, Unit B, Washington, D.C. during the time period of the scheduled home visit. GRAY was not located at 4738 South Capitol Terrace SW, Unit B, Washington, D.C.

12.     On September 30, 2020, SLADE contacted DCVCTF Members stating she was on the other line with GRAY. SLADE stated GRAY informed SLADE that GRAY would turn himself in on the warrant today. GRAY was instructed by SLADE to turn himself in at 601 4th Street NW Washington, D.C. SLADE later sent a group text message to GRAY on (404) 993-8693 and DCVCTF Members providing GRAY with a point of contact to turn himself in on the warrant. To date, GRAY has not turned himself in on the warrant or contacted DCVCTF Members. Nevertheless, GRAY is aware of the existence of the warrant.

13.     On October 8, 2020, DCVCTF Members interviewed a source familiar with GRAY. The source stated that it had used phone numbers (240) 860-5890 and (404) 993-8693 to get in contact with GRAY since GRAY's release from prison. That same day, further investigation by DCVCTF Members into phone numbers (240) 860-5890 and (404) 993-8693 revealed that they are no longer in service or no longer associated with GRAY. DCVCTF Members believe GRAY discontinued the use of phone numbers (240) 860-5890 and (404) 993-8693 to avoid apprehension by law enforcement.

14.     On November 13, 2020, DCVCTF Members received information from law enforcement partners that a Shawn Gray with a date of birth of 12/31/1990 purchased a Green Dot Prepaid VISA card online. The card was purchased on November 1, 2020. During the

registration process for the card, the purchaser provided a cellular phone number of (334) 413-0081, an address of 2900 14th Street NW, Apartment 210, Washington, D.C., and an email address of grayshawn454@gmail.com.

15.     GRAY is the biological brother of Tevon BRENT. GRAY and BRENT were documented as the victims of a shooting in the Trinidad neighborhood of Washington, D.C. on June 11, 2020 in a Metropolitan Police Department report under CCN 20086354.

16.     On October 21, 2020, a District of Columbia Superior Court Judge issued arrest warrant 2020CRW004698 for the arrest of BRENT. On October 23, 2020, pursuant to a fugitive investigation to locate BRENT, law enforcement partners obtained District of Columbia Superior Court Search Warrant 2020-CSW-4748. The warrant authorized law enforcement partners to obtain records relating to phone number (202) 520-4641, the known phone number of BRENT. Law enforcement partners believe BRENT learned of the fugitive investigation and discontinued the use of phone number (202) 520-4641 on October 27, 2020. To date, BRENT is a fugitive from justice with his current location being unknown.

17.     On December 3, 2020, records for phone number (202) 520-4641, obtained pursuant to Search Warrant 2020-CSW-4748, were shared with DCVCTF Members. The records for phone number (202) 520-4641 began on June 11, 2020 and ended on October 27, 2020. A review of the records revealed the following:

- BRENT's phone number, (202) 520-4641, was in contact with (240) 860-5890, a known phone number of GRAY, 278 times beginning on June 11, 2020 and ending on September 3, 2020.

- BRENT's phone number, (202) 520-4641, was in contact with (404) 993-8693, a known phone number of GRAY, 37 times beginning on September 7, 2020 and ending on October 6, 2020.

- BRENT's phone number, (202) 520-4641, was in contact with (334) 413-0081, the phone number provided during GRAY's online purchase of a Green Dot prepaid Visa card on November 1 2020, 28 times beginning on October 8, 2020 and ending on October 23, 2020.

Call records from Search Warrant 2020-CSW-4748 thus showed data consistent with GRAY utilizing phone number (240) 860-5890, then switching to phone number (404) 993-8693, and now utilizing phone number (334) 413-0081. Based on your affiant's training and experience, your affiant believes it is common knowledge amongst individuals in the District of Columbia who are attempting to evade arrest that law enforcement can track cellular devices to locate and apprehend fugitives. Therefore, fugitives commonly change the cellular device they are using to evade apprehension be law enforcement. As of this filing, an open source Whooster Phone Database query of phone number (334) 413-0081, reveals phone number (334) 413-0081 is an active T-Mobile wireless number and not disconnected.

16.     As recently as December 7, 2020, law enforcement officers have seen GRAY in the D.C. metropolitan area.  On that date, fugitive task force officers, including your affiant, observed GRAY attending a family event at the Chuck E. Cheese restaurant in Largo, Prince George County, Maryland. The affiant observed him entering and driving a vehicle there. Unmarked police surveillance cars followed him. It is believed that he identified surveillance officers as he headed toward the District of Columbia because he increased his vehicle's speed, ran red lights, drove into opposing traffic, and otherwise actively sought to elude capture. GRAY was not pursued as

DCVCTF members judged that pursuit would likely cause car crashes and otherwise jeopardize the safety of others. This circumstance demonstrates that the defendant is aware that he continues to remain a fugitive from justice and is still in the D.C. area.

17.     At the date of this submission, GRAY knowingly remains a fugitive from justice, and has not been arrested on the active warrants.

18.     Based on the information above, your affiant believes probable cause exists that phone number (334) 413-0081 is the current phone number being utilized by GRAY. Your affiant requests a warrant for phone number (334) 413-0081 to pinpoint historical information as further described in Attachment B. Based on your affiant's training and experience, your affiant knows developing a pattern of life and identifying individuals who may have information relating to the GRAY's location and/or whom are actively assisting him in his flight will allow DCVCTF Members to safety arrest GRAY pursuant to the active warrants.

19.     Your affiant conducted open source investigative queries using phone number (334) 413-0081. You affiant learned phone number (334) 413-0081 is currently serviced by T-Mobile, a wireless provider headquartered at 4 Sylvan Way Parsippany, NJ 07054.

## BACKGROUND ON CELL-SITE DATA AND LOCATION INFORMATION

18.     In my training and experience, I have learned that PROVIDER is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or "cell tower/sector records."  E-911 Phase II data provides relatively

precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

19.     Based on my training and experience, I know that PROVIDER can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on PROVIDER's network or with such other reference points as may be reasonably available.

20.     Based on my training and experience, I know that PROVIDER can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as PROVIDER typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

21.     Based on my training and experience, I know that T-Mobile also collects per-call measurement data ("PCMD"), also referred to as timing advance or T-Mobile's "TrueCall" report. Timing advance information estimates the approximate distance of the cellular device from a cellular tower based on the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

22.     Based on my training and experience, I know that each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content

23.     Based on my training and experience, I know that wireless providers such as PROVIDER typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as PROVIDER typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a

particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the TARGET PHONE NUMBER's user or users.

## AUTHORIZATION REQUEST

24.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

25.     The proposed warrant will also function as a pen register order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information in Attachment A-1 for each communication to or from the TARGET PHONE NUMBER, without geographic limit, for a period of thirty (30) days pursuant to 18 U.S.C. § 3123(c)(1).

26.     I further request that the Court direct PROVIDER to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. I also request that the Court direct PROVIDER to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information unobtrusively and with a minimum of interference with PROVIDER's services, including by initiating a signal to determine the location of the Target Telephone on PROVIDER's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate PROVIDER for reasonable expenses incurred in furnishing such facilities or assistance.

27.     Because the warrant will be served on PROVIDER, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## CONCLUSION

28.     I submit that this affidavit supports probable cause for a warrant to collect the requested information about the location of the Target Telephone, as described in Attachment A, and to seize the evidence described in Attachment B.

 Date: December 23, 2020                          Respectfully submitted,


Gregory Conner
Deputy United States Marshal
United States Marshals Service



*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on December 23, 2020.*




ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA


---

**Attorney Certification Under 18 U.S.C. §§ 3121-3127**

To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant applied for herein will also function as a pen register order. I, an attorney for the Government, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the United States Marshal Service. *See* 18 U.S.C. §§ 3122(b), 3123(b).


**John P. Dominguez**
Assistant United States Attorney
District of Columbia

## <u>CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS<br>PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)</u>

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by T-Mobile ("PROVIDER"), a wireless communications service provider that is located at 4 Sylvan Way Parsippany, NJ 07054, and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of AT&T. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

a.      all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of T-Mobile, and they were made by T-Mobile as a regular practice; and

b.      such records were generated by T-Mobile's electronic process or system that produces an accurate result, to wit:

1.      the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of T-Mobile, in a manner to ensure that they are true duplicates of the original records; and

2.      the process or system is regularly verified by T-Mobile, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____       _____

Date                                                    Signature